UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NYLA MOUJAES,

        Plaintiff,

  v.

SAN FRANCISCO CITY AND COUNTY, et al.,

        Defendants.

Case No. 15-cv-03129-DMR

**FINAL PRETRIAL ORDER**

## I.    MOTIONS IN LIMINE

**Defendants' motion in limine no. 1 (Docket No. 54):**

Defendants move to exclude plaintiff's "expert" testimony regarding her injuries. The motion is granted in part. Plaintiff may testify about her physical and mental condition, as well as her perceptions and experiences before, during, and after the incident. However, Plaintiff may not testify about her diagnoses or prognoses. The court takes under submission the issue of whether Plaintiff may present evidence regarding the cost of her medical care. **By December 6, 2016**, the parties shall submit additional two-page briefs on the effect of insurance, and shall also provide two copies of the missing San Francisco General Hospital bill for the exhibit binders.

**Defendants' motion in limine no. 2 (Docket No. 55):**

Defendants move to exclude the testimony of Sergeant Flint Paul, as well as Exhibit 22, which is the use of force log. The motion is denied. Sergeant Paul's testimony and the use of force log are relevant, and the probative value of such evidence outweighs any prejudice.

**Defendants' motion in limine no. 3 (Docket No. 56):**

Defendants move to exclude the testimony of Plaintiff's police practices expert Roger Clark, or at least to exclude his testimony on ultimate legal conclusions. The motion to exclude his testimony is denied. Defendants' objections to Clark's testimony go to the weight of his

opinions, and not their admissibility. The motion to exclude his testimony on ultimate legal conclusions is granted. Both parties' police practices experts (Clark and Cameron) may not use any language suggestive of ultimate legal conclusions. For example, the experts may not testify as to whether Defendants' use of force was "reasonable" or "excessive." The experts may instead use language such as whether the use of force complied with standard police practices, or whether Defendants acted in a manner consistent with their training.

**Defendants' motion in limine no. 4 (Docket No. 57):**

Defendants move to exclude Plaintiff's testimony that the paramedics were laughing at her. The motion is denied. Plaintiff may testify about her perceptions from her own personal knowledge. The testimony is relevant to witness credibility as well as damages.

**Defendants' motion in limine no. 5 (Docket No. 58):**

Defendants move to exclude evidence that the San Francisco District Attorney's Office did not charge Plaintiff with the violations listed on her citation, including resisting arrest and DUI. The motion is denied. The evidence is relevant, and its probative value outweighs any prejudice to Defendants. However, Plaintiff shall not argue or suggest that the District Attorney's decision not to pursue charges indicates that the citations were improper.

**Defendants' motion in limine no. 6 (Docket No. 59):**

Defendants move to exclude evidence regarding other claims, complaints, and allegations relating to Defendants. The motion is denied without prejudice, as Defendants did not specifically identify any such evidence. Plaintiff confirmed that she will not seek to introduce evidence about the resignation of Chief Greg Suhr or media reports that are critical of the San Francisco Police Department.

**Defendants' motion in limine no. 7 (Docket No. 60):**

Defendants move to exclude evidence and argument that Plaintiff was subjected to racial profiling. At the pretrial conference, Defendants clarified that this motion seeks to exclude Plaintiff's testimony about her own perceptions as to why she was pulled over, and to exclude Exhibit 23 ("Traffic Stop Data Collection Program Information"). Defendants' motion as to Plaintiff's testimony is denied. Plaintiff may testify about her own perceptions, experiences and

observations. Plaintiff confirmed that her police practices expert will not offer any opinions regarding race. Exhibit 23 is excluded as irrelevant.

**Defendants' motion in limine no. 8 (Docket No. 61):**

Defendants move to exclude any reference to the City and County of San Francisco as paymaster. The motion is granted. Plaintiff may not make any such reference unless Defendants open the door by suggesting that an adverse judgment may impact their personal finances.

**Defendants' motion in limine no. 9 (Docket No. 62):**

Defendants move to exclude evidence or argument that Plaintiff was unlawfully arrested. The motion is granted in part. Plaintiff may elicit testimony about the traffic stop and arrest. Plaintiff's expert shall not testify regarding the lawfulness of the stop or the arrest. The court tentatively plans to instruct the jury as follows: "The legality of the traffic stop and the arrest for traffic violations are not before the jury. However, you may consider all of the circumstances regarding the traffic stop and Plaintiff's arrest to determine whether the Defendants used excessive force against Plaintiff." The parties shall be prepared to address this instruction at the December 14, 2016 charging conference.

## II.   EXHIBITS

- **Exhibit 1:** Defendants' objections are untimely and are therefore waived.
- **Exhibit 2:** The parties shall meet and confer regarding the proposed transcript and shall file any objections by **December 6, 2016**.
- **Exhibits 7, 8, 9, 10: By December 6, 2016,** Plaintiff shall file supplemental briefing on why the medical records do not contain hearsay.
- **Exhibits 12, 13, 14, 15, 16:** The court reserves ruling on these exhibits.
- **Exhibits 17, 18, 19:** The parties cannot submit expert reports for use by the jury, but may use the reports to refresh the experts' recollection.
- **Exhibit 20:** Defendants shall remove the cars depicted on page 2 of the exhibit.
- **Exhibit 21:** Defendants' objections are untimely and are therefore waived.
- **Exhibit 22:** Defendants' objections are overruled (*see* motion in limine no. 2).
- **Exhibit 23:** Defendants' objection is sustained (*see* motion in limine no. 7).

3

### III. WITNESSES

Plaintiff must decide whether she will call Defendants' medical expert, Dr. David Atkin. If Plaintiff calls Dr. Atkin, Plaintiff must subpoena him and pay his expenses. Plaintiff may question Dr. Atkin within the scope of his report. Defendants' Rule 26 objection is untimely and is therefore waived.

**IT IS SO ORDERED.**

Dated: December 2, 2016



Donna M. Ryu
United States Magistrate Judge