WALTER RILEY, SBN 95919
walterriley@rrrandw.com
1440 Broadway, Suite 612A
Oakland, California 94612
Telephone: (510) 451-1422
Fax: (510) 451-0406

FELICIA MEDINA, SBN 255804
fmedina@sanfordheisler.com
KEVIN LOVE HUBBARD, SBN 290759
khubbard@sanfordheisler.com
SANFORD HEISLER, LLP
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020
Fax: (415) 795-2021

Attorneys for Plaintiff
Nyla Moujaes

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NYLA MOUJAES,<br><br>**Plaintiff**,<br><br>SAN FRANCISCO CITY AND COUNTY;<br>SAN FRANCISCO POLICE<br>DEPARTMENT;<br>OFFICER DAVID B. WASSERMAN,<br>SERGEANT BUCKNER; SERGEANT FLINT<br>T. PAUL; OFFICER BARRY; OFFICER<br>DITTMER; DOES 1-50,<br><br>**Defendants.** | Case No. 4:15-cv-03129 DMR<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**<br><br>Trial Date:  December 12, 2016 |

Pursuant to Civil L.R. 54-2, Plaintiff Nyla Moujaes submits the following objections to specific items included in Defendants' Bill of Costs.[1]

---

[1] Plaintiff reserves the right to file a noticed motion to review any costs entered by the Clerk, pursuant to Federal Rule of Procedure 54(d)(1), in addition to the specific objections identified herein.

## I.   The Costs of Exemplification and Making Copies Should Be Severely Limited

Plaintiff objects to two specific line items contained in Defendants' request that the Clerk tax $4,478.22 in costs for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (Dkt. 120 at 1.)  Of that amount, $4,370.70 comes from two fees— a $3,605.20 payment to LegalVision Inc. and a $763.50 payment to Behmke Reporting and Video Services, Inc.  Plaintiff objects to taxing costs for both these fees in their entirety because the three demonstrative aids that Defendants produced for these amounts were not "reasonably necessary to assist the jury of the Court in understanding issues at the trial." Civil L. R. 54-4(d)(5).

During the parties' meet and confer regarding Plaintiff's objection to those expenses, counsel for Defendants confirmed that Defendants spent $3,605.20, the entire payment to LegalVision Inc., for two demonstrative maps with several removable vehicles that were used during the trial. (Dkt. 120, pg. 40.)  $3,062.50 of this amount was spent in order to create "computer illustrations" used in the two maps.  (*Id*.)  These fees are both unreasonably high and unnecessary. Computerized illustrations of maps are readily available at no cost from a variety of online services, including Google Maps and Apple maps, among others.  And computerized illustrations of vehicles indistinguishable from those used by Defendants at trial are available at no costs from various online image searches.[2]  These fees were thus not reasonably necessary to assist the jury or the Court because the same illustrations could have been produced at no cost to Defendants.

Beyond the exorbitant cost of the illustrations used to produce the demonstrative maps, the cost of producing the maps in large, magnetic format was not reasonably necessary.  Defendants could have placed color printouts of free maps on the equipment provided by the Court, or printed and distributed maps to the jury.  As a result, these demonstratives were not reasonably necessary to assist in understanding issues at trial, and the fees from their creation should not be taxed as costs.  *Fowler v. Cal. Highway Patrol*, No. 13-cv-01026-TEH, 2014 U.S. Dist. LEXIS 112540, *7 (N.D. Cal. Aug. 13, 2014) (finding that "graphics displayed on the foam boards . . . could have also

---

[2] *See*, *e.g.*, stock images available at: https://www.shutterstock.com/image-vector/front-top-side-car-projection-flat-293205878?language=en&tpl=38919-111120&utm_medium=Affiliate&utm_source=38919&utm_campaign=Eezy%20Inc&irgwc=1

been displayed electronically or printed and distributed to the jury and Court, and thus these demonstratives were not reasonably necessary to assist in understanding issues at trial" and declining to award the cost of the graphics).   The costs claimed by Defendants here are indistinguishable from those claimed in *Fowler*, and Defendants should not be able to tax those costs.

Defendants also confirmed during the parties' meet and confer that all of the $763.50 payment to Behmke Reporting was spent for a demonstrative consisting of a synchronized audio file and transcript for the police audio that was used during the trial.  The amount included $50.00 to format a word document to a .txt document, $65.00 for a DVD disk, and $67.50 to expedite the order. (Dkt. 120, pg. 39.) The synchronized audio file and transcript were not reasonably necessary to assist the jury or the Court in this case, especially at such a high price.  Indeed, Plaintiff accomplished the same presentation to the jury with the transcript printed on several pieces of paper and the equipment already provided for the parties in the courtroom.  Courts have refused to award costs in similar circumstances in the past.  *Fowler*, 2014 U.S. Dist. LEXIS 112540, at *9-10 (disallowing defendants' costs related to video and audio presentation at trial because "taxable costs are limited by statute and are modest in scope" and finding persuasive authority holding that "synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification and was not truly necessary for trial").  Here, too, while it may have been convenient for Defendants to display a transcript synchronized to the audio, it was not reasonably necessary for trial and the same information could have been presented to the jury at a tiny fraction of the cost.  As a result, the entire amount Defendants claim for producing the synchronized demonstrative should be disallowed.

**CONCLUSION**

Plaintiff respectfully requests that the Clerk decline to tax costs, totaling $4,370.70, claimed in the Defendants' Bill of Costs.

Respectfully submitted,

Dated: January 17, 2017                    WALTER RILEY
                                           Law Offices of Walter Riley

                                           FELICIA M. MEDINA
                                           KEVIN LOVE HUBBARD
                                           Sanford Heisler, LLP

                                           Attorneys for Plaintiff
                                           NYLA MOUJAES

                                           By:  *Kevin Love Hubbard*
                                                KEVIN LOVE HUBBARD

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS
CASE NO. 4:15-CV-03129 DMR