WALTER RILEY, SBN 95919
walterriley@rrrandw.com
1440 Broadway, Suite 612A
Oakland, California 94612
Telephone: (510) 451-1422
Fax: (510) 451-0406

FELICIA MEDINA, SBN 255804
fmedina@sanfordheisler.com
KEVIN LOVE HUBBARD, SBN 290759
khubbard@sanfordheisler.com
SANFORD HEISLER, LLP
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020
Fax: (415) 795-2021

Attorneys for Plaintiff
Nyla Moujaes

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NYLA MOUJAES,<br><br>**Plaintiff**,<br><br>SAN FRANCISCO CITY AND COUNTY; SAN FRANCISCO POLICE DEPARTMENT; OFFICER DAVID B. WASSERMAN, SERGEANT BUCKNER; SERGEANT FLINT T. PAUL; OFFICER BARRY; OFFICER DITTMER; DOES 1-50,<br><br>**Defendants.** | Case No. 4:15-cv-03129 DMR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REVIEW COSTS**<br><br>Trial Date: December 12, 2016<br><br>Hearing Date: March 9, 2017<br>Time: 11:00 a.m.<br>Place: 1301 Clay Street<br>Courtroom 4, 3rd Floor<br>Oakland, CA 94612 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on March 9, 2017, at 11:00 a.m., or as soon thereafter as the Motion may be heard, in the Courtroom of the Honorable Donna M. Ryu, Courtroom 4 of the Oakland Courthouse for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, Plaintiff's Motion To Review Costs will be heard by the Court.

Plaintiff's Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the supporting Declaration of Nyla Moujaes; and other such written or oral argument and other materials as may assist the Court before the Court takes this Motion under submission.

**ISSUES TO BE DECIDED**

Whether the Court should decline to award costs to Defendants taxed against Plaintiff by the Clerk.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 26, 2017, the Clerk taxed costs in the amount of $3,517.25 against Plaintiff Nyla Moujaes, (Dkt. 123), disallowing $6,405.16 of the $9,922.41 that Defendants requested to be taxed, (Dkt. 120), following Plaintiff's Objections, (Dkt. 121). Pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiff hereby moves the Court to review the Clerk's action and requests that the Court deny all costs.

**I.  LEGAL STANDARD.**

Federal courts have the discretion to set the amount of costs to be taxed. *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989). Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The presumption in favor of costs is not rigid. *Hunter v. City & Cty. of San Francisco*, No. 11-cv-4911 JSC, 2013 U.S. Dist. LEXIS 164662, at *4 (N.D. Cal. Nov. 19, 2013) (citing *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946)). "In order to overcome the presumption, a losing party must show that to award costs to the prevailing party would be unjust." *Id.* (quoting *Ayala v. Pac. Mar. Ass'n*, No. 08-0119, 2011 U.S. Dist. LEXIS 143802, 2011 WL 6217298, at *1 (N.D. Cal. Dec. 14, 2011)).

In the Ninth Circuit, when a court considers whether to exercise its discretion:

> [a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014) (citing *Mexican-American Educators*, 231 F.3d at 592-93). "In addition, a losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.'" *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Escriba*, 743 F.3d at 1248).

## II. ALL COSTS SHOULD BE DENIED.

In this case, all of the *Escriba* factors weigh in favor of denying all costs. In *Escriba* itself, the Ninth Circuit applied these factors and concluded that the claimed costs should be denied because the case involved issues of substantial public importance regarding workers' rights; the case was close, turning on conflicting witness testimony; taxing costs could chill future actions; the plaintiff had limited financial resources; and there was a significant financial disparity between the parties. *Escriba*, 743 F. 3d at 1247. Here too, taxing costs would chill other civil rights litigation. The case involved issues of substantial public importance regarding the excessive use of police force, and was close. Plaintiff also has limited financial resources, particularly in light of economic disparities between Plaintiff and the City and County of San Francisco. As a result, all costs should be denied.

### A. Taxing Costs Would Chill Other Civil Rights Litigation.

Taxing Plaintiff for Defendants' costs in a close case such as this one would dissuade other civil rights litigants with cases that involve contested issues of fact from bringing suit. The Ninth Circuit has emphasized that in civil rights cases in particular, courts must consider "the chilling effect of imposing such high costs on future civil rights litigants" when deciding whether to deny costs. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). This is so because "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area," and "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since

3
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REVIEW COSTS
CASE NO. 4:15-CV-03129 DMR

*Brown v. Board of Education*." *Id*. at 1080. Consequently, it would be an abuse of discretion for the Court not to consider the potential chilling effect that would flow from the imposition of costs on losing civil rights plaintiffs of modest means. *Id*.

Following the Clerk's correct decision to disallow the majority of the costs the Defendants sought in this case, the costs taxed against Plaintiff are less onerous than the amount Defendants requested. However, the chilling effect of imposing those costs on Plaintiff here still weighs heavily in favor of denying all costs for two reasons. First, the Ninth Circuit has found that lower costs than those taxed against Plaintiff in this case still constitute large awards. Indeed, the Ninth Circuit recently concluded that a district court abused its discretion by failing to deny costs where all the *Escriba* factors counseled "against imposing a large cost award" and the district court had awarded $3,018.35 in costs. *Draper v. Rosario*, 836 F.3d 1072, 1086, 1088 (9th Cir. 2016). Second, Defendants should not be rewarded because the Clerk correctly disallowed nearly two-thirds of the costs Defendants initially sought. To the contrary, Defendants' overreach, seeking exorbitant costs for the production of unnecessary demonstratives among other things, weighs in favor of denying all costs. *Cf. Houston v. Inland Marine Indus.*, No. C-81-4729 RPA (consolidated with No. C-81-3115 RPA), 1982 U.S. Dist. LEXIS 14309, at *6 (N.D. Cal. June 24, 1982) ("If the petitioning lawyer is guilty of overreaching in seeking outrageously unreasonable fees, the Court, in its discretion, may deny all fees.") (citing *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980).

The risk of chilling future civil rights lawsuits by awarding costs—the risk that "those with meritorious cases may choose not to risk an unsuccessful lawsuit"—is particularly compounded "for those whose cases, like [Plaintiff's], ultimately turn on the jury's determination of whose account of the event is more credible." *Draper*, 836 F.3d at 1088. The Court should therefore deny all costs to avoid the chilling effect on future civil rights actions of taxing costs against Plaintiff.

**B. The Case Involved Issues of Substantial Public Importance.**

Costs should also be denied in this case because it addressed issues of substantial public importance: the possibility that San Francisco Police Officers used excessive force during an arrest and then worked together to minimize evidence of that force. Indeed, as the evidence adduced at trial showed, the question of whether San Francisco Police Officers use excessive force in their

encounters with people of color, and whether the Police Department's efforts to investigate uses of force are adequate, are currently pressing issues of public importance. (December 15, 2016 Trial Tr. at 130-135.) In this District, even when defendants have prevailed on summary judgment, courts have declined to award costs where the case "raised important issues regarding the potential use of excessive force" and the plaintiffs have demonstrated an inability to pay. *Godoy v. Cnty. of Sonoma*, No. 15-cv-00883-WHO, 2016 U.S. Dist. LEXIS 156709, at *8 (N.D. Cal. Nov. 10, 2016) (granting plaintiffs' motion to review taxation of costs and declining to award costs after granting summary judgment to city defendants). Here, Plaintiff raised important issues of potential excessive force, and so the Court should decline to award costs.

### C. This Was a Close Case.

The fact that this case was close also weighs against awarding costs. The Ninth Circuit has denied costs where the "case turned on which competing account of events the jurors believed." *Draper*, 836 F. 3d at 1088. Here, Plaintiff's excessive force claims survived summary judgment at trial, were tightly contested, and ultimately were decided by the jury's credibility determinations. As even the Defendants' expert agreed, "I simply looked at what the officers said that they did and if that adhered to POST standards. I also looked to see what plaintiff said that she did, and obviously if that's true, then it wouldn't meet POST standards." (December 14, 2016, Trial Tr. 26:2-6.) This case was the paradigm of a case that turned on credibility determinations, and so this factor too weighs heavily against awarding costs.

### D. Plaintiff Has Limited Financial Resources.

The Court should also deny costs because Plaintiff has limited financial resources, and taxing costs against her would "impose substantial financial hardship." *Jefferson v. City of Fremont*, No. C-12-0926 EMC, 2015 U.S. Dist. LEXIS 34455, at *9 (N.D. Cal. Mar. 19, 2015). Plaintiff is a non-profit attorney with limited means and massive student debt. The costs currently taxed in this case would represent approximately 86% of her monthly net income, and more than double her available monthly income following recurring expenses. (Declaration of Nyla Moujaes In Support of Plaintiff's Motion to Review Costs, ¶¶ 3-4).

Courts in this District have denied costs of around $4,000, finding this factor weighed in favor of doing so, which were taxed against a nonprofit organization "fairly limited financial resources." *Conservation Cong. v. United States Forest Serv.*, No. 14-cv-01979-TEH, 2015 U.S. Dist. LEXIS 109769, at *5 (N.D. Cal. Aug. 19, 2015). Here too, Plaintiff's fairly limited financial resources weigh in favor of denying all costs, especially given the economic disparity between her and the City and County of San Francisco.

### E. There Is Great Economic Disparity Between the Parties.

The great disparity between Plaintiff's resources and the resources of the City and County of San Francisco also weighs in favor of denying all costs. Though the remaining Defendants are individual officers, the proper comparison for this factor is between Plaintiff and the City and County of San Francisco, because that entity "bore the defense costs." *Draper*, 836 F. 3d at 1089. As in other cases where courts in this District have declined to award costs, "there exists a significant economic disparity between Plaintiff and the City and County of San Francisco," the entity ultimately seeking to recover costs. *Hunter v. City and County of San Francisco*, No. 11-cv-4911-JSC, 2013 U.S. Dist. LEXIS 164662, 2013 WL 6088409 at *3 (N.D. Cal. Nov. 19, 2013). The costs of this case "are paltry to Defendants, but quite meaningful to Plaintiff." *Conservation Cong.*, 2015 U.S. Dist. LEXIS 109769 at *6. As a result, an in light of all of the other factors that also weigh in favor of denying costs, it would be unjust to award costs to the City and County of San Francisco from the Plaintiff in this case. The Court should therefore decline to tax costs against Plaintiff.

### III. CONCLUSION.

For all the foregoing reasons, the Court should grant Plaintiff's Motion To Review Costs taxed against the Plaintiff and deny all costs in this case.

//
//
//
//
//

6
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REVIEW COSTS
CASE NO. 4:15-CV-03129 DMR

Respectfully Submitted,

Dated: February 2, 2017

*/s/ Kevin Love Hubbard*
WALTER RILEY
Law Offices of Walter Riley

FELICIA M. MEDINA
KEVIN LOVE HUBBARD
Sanford Heisler, LLP

Attorneys for Plaintiff
NYLA MOUJAES